UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

ERIKA SMITH and ROBERT TODD HENRY,

    Plaintiffs,

v.

**JURY TRIAL DEMANDED**

SUNRISE TREASURE ISLAND, LLC a Florida
limited liability company d/b/a SUNRISE MOTEL,
MOHAMMED FAKHOURY, an individual; WISAM
FAKHOURY, an individual;  PEGGY TUCKER,
an individual; and, SUZANNE RENEE DEARING,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, ERIKA SMITH (hereinafter "SMITH") and ROBERT TODD HENRY (hereinafter "HENRY") by and through their undersigned attorney, file this, their Complaint for Damages against Defendants, SUNRISE TREASURE ISLAND, LLC d/b/a SUNRISE MOTEL (hereinafter, "SUNRISE"), MOHAMMED FAKHOURY, WISAM FAKHOURY, PEGGY TUCKER, and, SUZANNE RENEE DEARING, and states as follows:

## INTRODUCTION

1.   This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

**JURISDICTION & VENUE**

2. Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, SUNRISE operated a business enterprise (motel), respectively, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Plaintiffs' work for Defendants involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included office supplies, telephones, tools, electronic equipment, paper, bedding supplies, cleaners, and other materials necessary for the operation of a motel—all manufactured outside the State of Florida.

4. During the relevant time period, the Defendants employed at least two other employees besides the two Plaintiffs, who "engaged in commerce or in the production of goods for commerce," or it "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials included office supplies, telephones, tools, cleaners, bedding supplies, computers, electronic equipment, paper, and other materials necessary for the operation of a motel—and, were manufactured outside the State of Florida.

5. In addition to the foregoing, the Plaintiffs are entitled to the protections of the FLSA as they were "individually covered" by that statute. During the Plaintiffs' employment, they were required to use instrumentalities of interstate commerce on a regular and recurrent basis. The Plaintiffs used instrumentalities of interstate commerce (telephone) on a regular and recurrent basis to, *inter alia,* assist in operating the Defendants' motel, particularly as to motel guests physically residing out-of-state.

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within Pinellas County, Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in Pinellas County, Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in Pinellas County, Florida.

   and,

   b. Defendants were and continue to be a corporation and individuals doing business within Pinellas County, Florida.

## PARTIES

9. At all times material hereto, Plaintiffs, SMITH and HENRY were residents of Pinellas County, Florida, and were "employees" of the Defendants within the meaning of the FLSA.

10. During all times set forth in this Complaint, SUNRISE was a Florida limited liability company doing business in Pinellas County, Florida.

11. At all times material hereto, the Defendants were conducting business in Pinellas County, Florida.

12. At all times material hereto, Defendants were the employers of Plaintiffs, SMITH and HENRY.

13. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution, and Section 448.110 Florida Statutes.

14. At all times material hereto, Defendants failed to pay Plaintiffs, SMITH and HENRY wages in conformance with the FLSA or Florida law.

15. Defendants committed a willful, malicious, and unlawful violation of the FLSA and Florida law, and, therefore, are liable for monetary damages.

16. At all times material hereto, SUNRISE was an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

18. Plaintiffs have fulfilled all conditions precedent to the institution of this action, and/or such conditions have been waived.

**STATEMENT OF FACTS**

19. Commencing on or about March 16, 2022, Plaintiff, SMITH and HENRY were hired by the Defendants to work at the SUNRISE motel in Treasure Island, Florida. Their employment with the Defendants ended on or about July 16, 2022.

20. While employed, SMITH and HENRY handled Defendants' motel office paperwork, handled reservations, checked guests in/out, took payments, collected payments, maintained the property, made/received telephone calls, assisted guests throughout their shifts, and handled customer complaints.

21. The Defendants failed to keep records in full compliance with the FLSA's recordkeeping requirements.

22. From about March 16, 2022 to July 16, 2022, SMITH worked about 51 hours per week and was paid $150 per week.

23. From about March 16, 2022 to July 16, 2022, HENRY worked about 65 hours per week and was paid $150 per week.

24. The Plaintiffs generally worked seven (7) days per week.

25. During Plaintiffs' employment, Defendants failed to pay the Plaintiffs at or above the applicable minimum wage for their hours worked.

26. Moreover, even though Plaintiffs, SMITH, and HENRY worked in excess of forty hours per week, Defendants failed to pay them at the rate of time-and-one-half times the applicable minimum wage.

27. Defendants knowingly, willfully, and maliciously operated their business with a policy of not paying minimum and overtime wages, respectively, for each hour Plaintiffs worked in conformance with the applicable law.

28. Defendant MOHAMMED FAKHOURY, was the owner and operator of SUNRISE and was aware at all times that the Plaintiffs were being denied minimum ages and overtime by Defendants.  Therefore, he is personally liable for the FLSA violations.

29. Defendant WISAM FAKHOURY, was the owner and operator of SUNRISE and was aware at all times that the Plaintiffs were being denied minimum ages and overtime by Defendants.  Therefore, she is personally liable for the FLSA violations.

30. Defendant PEGGY TUCKER was the manager and operator of SUNRISE and was aware at all times that the Plaintiffs were being denied minimum ages and overtime by Defendants.  Therefore, she is personally liable for the FLSA violations.

31. Defendant SUZANNE RENEE DEARING was the manager and operator of SUNRISE and was aware at all times that the Plaintiffs were being denied minimum ages and overtime by Defendants.  Therefore, she is personally liable for the FLSA violations.

32. WISAM FAKHOURY was involved in the scheduling of the Plaintiffs' hours and was directly involved in the wages they were paid.

33. MOHAMMED FAKHOURY was involved in the scheduling of the Plaintiffs' hours and was directly involved in the wages they were paid.

34. SUZANNE RENEE DEARING was involved in the scheduling of the Plaintiffs' hours and was directly involved in the wages they were paid.

35. PEGGY TUCKER was involved in the scheduling of the Plaintiffs' hours and was directly involved in the wages they were paid.

36. Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

37. Plaintiffs reallege Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Plaintiffs' employment with Defendants was to consist of a normal workweek for which they were to be compensated at or above the FLSA minimum wage.

39. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid their minimum wages.

40. During the Plaintiffs' employment, the Defendants paid them less than the statutory minimum wage for all of their work hours.

41. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiffs.

42. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiffs respectfully request:

    a.    judgment in their favor for all unpaid minimum wages;

    b.    liquidated damages;

    c.    attorneys' fees and costs pursuant to the FLSA;

    d.    post-judgment interest; and

    e.    all other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

43. Plaintiffs, SMITH and HENRY, reallege Paragraphs 1 through 36 as if fully stated herein.

44. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiffs at least the applicable Florida minimum wage.

45. During Plaintiffs' employment, Defendants paid them less than the statutory minimum wage for all of their work hours.

46. The Defendants acted willfully and maliciously in paying Plaintiffs below the minimum wage.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against the Defendants:

    a.    Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiffs at or above the minimum wage;

      b.      Awarding Plaintiffs all back wages due and owing in the amount calculated above;

      c.      Awarding Plaintiffs liquidated damages in the amount equal to their back wages;

      d.      Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

      e.      Awarding Plaintiffs prejudgment and post-judgment interest;

      f.      Awarding such other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

47. Plaintiffs, SMITH and HENRY, reallege Paragraphs 1 through 36 as if fully stated herein.

48. Since Plaintiffs' date of hire with Defendants, in addition to Plaintiffs' normal regular work week, the Plaintiffs worked additional hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half.

49. Plaintiffs were entitled to be paid at the rate of time and one-half for their hours worked in excess of the maximum hours provided in the FLSA.

50. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked by Plaintiffs in excess of the maximum hours provided in the FLSA.

51. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due. Defendants also failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

52. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

53. Due to the willful, malicious, and unlawful acts of Defendants, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against the Defendants:

    a.    Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiffs overtime compensation in the amounts calculated;

    c.    Awarding Plaintiffs liquidated damages;

    d.    Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiffs post-judgment interest; and

    f.    Ordering any other and further relief this Court deems to be just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Date:  November 10, 2022.

        Respectfully submitted,
        BOBER & BOBER, P.A.
        Attorneys for Plaintiff
        2699 Stirling Road, Suite A-304
        Hollywood, FL 33312
        Phone: (954) 922-2298
        Fax: (954) 922-5455
        peter@boberlaw.com

        By:   */s/. Peter J. Bober*
                FBN:  0122955